MALLEN, DEMANDANTE Y APELANTE, *v.* VIDAL ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en
pleito sobre declaración judicial de patria potestad y nu-
lidad de nombramiento de tutores y otros extremos.

No. 1560.—Resuelto en julio 24, 1917.

PATRIA POTESTAD—DIVORCIO—PÉRDIDA DE LA PATRIA POTESTAD—RELACIONES DE
FAMILIA.—Roto y disuelto el matrimonio por virtud de sentencia de divorcio
y concedida al cónyuge inocente la custodia y patria potestad de los hijos
menores conforme el artículo 234 del Código Civil, al fallecimiento de él el

culpable no la recupera, pues la naturaleza de la custodia que se concede a la parte inocente es la de destruir la relación legal existente entre el cónyuge culpable y los hijos aunque según el artículo 175 del mismo código, las relaciones de familia, consideradas aparte de la patria potestad, pueden continuarse.

ID. — DERECHOS DE LA MADRE — AUSENCIA, IMPEDIMENTO LEGAL O MUERTE DEL PADRE.—Siendo el derecho a la patria potestad natural e inherente a ambos padres, no fué la intención de la legislatura al modificar en 14 de marzo de 1907 el artículo 222 del Código Civil que expresa que la patria potestad le corresponde al padre en primer término, el concederle un derecho exclusivo sobre los hijos y de abolir el derecho fundamental de la madre para que solamente surgiese en casos de ausencia, impedimento legal o muerte de aquél.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. José de Diego y Manuel Rodríguez Serra.*

Los apelados no comparecieron.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La apelante buscaba una declaración judicial para obtener la patria potestad sobre su hijo menor y otros extremos. En vida de su marido se había divorciado y por virtud de la sentencia de divorcio la custodia del hijo se le había concedido al marido. Este falleció dejando tutores testamentarios para dicho hijo, y ella sostiene que a su muerte ha recuperado la patria potestad. Esta cuestión fué resuelta en contra de la demandante en la corte inferior al sostener una excepción previa interpuesta a su demanda.

La apelante admite que antes de marzo 14 de 1907, la sentencia de divorcio le habría privado definitivamente de su derecho a tener bajo su cuidado a su hijo por la razón de que antes de esa fecha el padre y la madre ejercían indistintamente la patria potestad sobre sus menores hijos, pero la ley fué modificada en marzo 14, 1907, en la siguiente forma:

"La patria potestad sobre los hijos legítimos no emancipados corresponde, en primer término, al padre, y en ausencia, impedimento legal o muerte de éste, a la madre.

"Los hijos ilegítimos, y los adoptivos menores de edad, estarán

bajo la potestad del padre o de la madre que los haya reconocido o adoptado.  Si ambos los hubieran reconocido o adoptado, será en ese caso aplicable lo dispuesto en el párrafo primero de este artículo.''

La cuestión levantada por el apelante es la de que bajo la nueva redacción de la ley es que surge su derecho, y surge solamente en virtud de la muerte del padre, y que por lo tanto la sentencia de divorcio no podía afectar un derecho que nació después de la fecha en que se dictó la sentencia.  En otras palabras, que aunque el artículo 234 del Código Civil dispone en efecto que el consorte culpable perderá la patria potestad cuando la custodia del hijo se le concede al otro cónyuge, sin embargo una persona no puede perder lo que no tiene.

El argumento es de fuerza, pero no puede prevalecer en contra de la intención de la legislatura, según se evidencia por el artículo 222, según quedó enmendado, *supra*, y 234, y por la naturaleza general del divorcio.  Una esposa tenia algo que perder en este respecto tanto antes como después de marzo 14 de 1907.  Ella tenía un derecho *in potentia* y en principio al dominio sobre su hijo, comparable a su derecho sobre los bienes gananciales.  En verdad, respecto a los bienes gananciales durante la vida del matrimonio, sus derechos son dudosos y vagos, pero las cortes han resuelto que existen.  Según el artículo 222, enmendado, el marido tiene el derecho en primer término, pero no es un derecho exclusivo.  Esto se prueba especialmente con el hecho de que pertenece a la esposa no sólo a la muerte de su marido sino que también en su ausencia.  Siempre existe algún derecho aunque se encuentre acallado o dominado por el derecho del marido.  Puesto que el derecho a la patria potestad es naturalmente inherente a ambos padres, no puede suponerse que la Legislatura, en 1907, iba a abolir el derecho fundamental de la madre para que solamente surgiese en casos de muerte,

incapacidad o ausencia del padre. Cierto que sea como ha dicho el apelante, al citar a Sánchez Román, (Vol. II, Tom. V, pág. 1103), que la patria potestad es más bien una función natural que un derecho, pero además una relación jurídica existe necesariamente, como lo demuestra la misma naturaleza de este pleito. La patria potestad es una institución jurídica. Creemos que la Legislatura mediante el artículo 234, quiso destruir dicha relación jurídica con el cónyuge culpable, y la ley de 1907 supone la validez y subsistencia de dicha relación o función en cuanto a ambos padres. La naturaleza del divorcio es la de disolver el vínculo legal existente entre marido y mujer. La naturaleza de la custodia que se le concede a la parte inocente en un divorcio es la de disolver la relación legal que existe entre el padre culpable y el hijo. Esto está demostrado además por el artículo 175 del Código Civil, que dispone que:

"En todos los casos de divorcio, los hijos menores serán puestos bajo el cuidado y patria potestad de la parte que lo hubiese obtenido; pero el otro cónyuge tendrá derecho a continuar las relaciones de familia con sus hijos."

Las relaciones de familia, consideradas aparte de la patria potestad, pueden continuarse. La relación jurídica de la patria potestad es la que ha terminado.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison disintió.