MERCEDES MARÍN BRIGNONI, demandante y apelante, *v.* WILBERT P. PARKHURST, demandado y apelado.

No. 3784.—*Visto:* Junio 17, 1926. *Resuelto:* Julio 15, 1926.

1. DIVORCIO—CUIDADO O CUSTODIA Y MANUTENCIÓN DE LOS HIJOS—PERSONA A QUIEN CORRESPONDE.—La custodia de los niños sigue la patria potestad, y ésta corresponde o se da por ley al cónyuge que obtuviere el divorcio.

2. DIVORCIADO—CUIDADO O CUSTODIA Y MANUTENCIÓN DE LOS HIJOS—TIEMPO PARA SOLICITARLA UNA VEZ DECRETADO EL DIVORCIO—EN GENERAL.—Decretado el divorcio, el cuidado o custodia de los hijos puede solicitarse de la corte en cualquier tiempo por el cónyuge inocente, aún cuando ésta haya asentido con su silencio a que la corte pusiera, por su sentencia, los hijos bajo la patria potestad del cónyuge culpable.

RESOLUCIÓN de *M. Rodríguez Serra.* J. (San Juan, Segundo Distrito), declarando sin lugar moción de la demandante sobre reconsideración de sentencia. *Revocada,* enmendándose sentencia objeto de reconsideración en el sentido de conceder a la deman dante la patria potestad y custodia de sus hijos.

*O. M. Wood, Luis E. Dubón, Félix Ochoteco, Jr.,* abogados de la apelante; *Salvador Mestre,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Ésta es una apelación que exige que se resuelva con prontitud razonable, ya que se trata de la custodia de un niño. Sin embargo, el procedimiento está algo complicado y lamentamos que el abogado del apelado no asistiera a la vista del caso ni presentara alegato.

Con fecha 4 de junio de 1924 la apelante Mercedes Marín Brignoni obtuvo una sentencia de divorcio contra su esposo, Wilbert P. Parkhurst. En dicha sentencia, aunque la demandante resultó victoriosa, la corte ordenó que los dos hijos habidos durante el matrimonio continuaran bajo la patria potestad del padre.

Posteriormente la demandante se llevó uno de los niños para su casa, alegando que este niño estaba abandonado. Ella presentó prueba a ese efecto. Entonces hay en los autos una petición radicada a nombre del demandado y firmada por su abogado, solicitando que el citado niño fuera puesto al cuidado de su hermano Norman E. Parkhurst, a quien el demandado había confiado la custodia del niño. La petición, en lo que al nombre se refiere por lo menos, no fué presentada por Norman E. Parkhurst, según alega el apelante, sino a nombre del mismo demandado.

Después de varias mociones preliminares atacando la petición y la jurisdicción de la corte, la demandante contestó en 10 de octubre de 1924. Aparece después en los autos una moción de la demandante fechada 4 de octubre de 1924, en la cual ella solicita la reconsideración de la sentencia. La corte declaró sin lugar todas las mociones de la demandante. La corte dijo que su decisión de que los hijos continuaran bajo la patria potestad del padre se debía a que la demandante había manifestado que no tenía medios para hacerse cargo de los niños. Con su silencio hasta cierto punto la demandante había asentido a la actuación de la corte al poner los niños bajo la patria potestad del padre.

No obstante, la ley es imperativa y da la patria potestad al cónyuge que obtuviere el divorcio. Artículo 175 del Código Civil. *Polanco* v. *Alvarez*, 33 D.P.R. 943; *Mallén* v. *Vidal*, 25 D.P.R. 669.

[1] La mayoría de esta corte es de opinión que la custodia de los niños sigue la patria potestad. Sin embargo, si se dejara esto a nuestra discreción, estamos todos de acuerdo en que bajo los hechos del presente caso debe darse a la demandante la custodia de los niños. Son muy jóvenes y la prueba tiende a demostrar que la madre es la persona que está en mejores condiciones para tenerlos a su cuidado. Ella vive entre parientes que están dispuestos y en posición de ayudarle a cuidarlos.

[2] El fiscal de esta corte presentó un informe, según el cual él es de opinión que había algo como un impedimento (*estoppel*) contra la demandante a causa de no haber ella tomado acción alguna contra la sentencia de la corte inferior al tiempo que fué dictada. No tenemos duda de que algo incidental al divorcio, como la pensión alimenticia o el cuidado de los hijos, puede solicitarse de la corte en cualquier momento.

*Debe revocarse la orden declarando sin lugar la moción de reconsideración,* enmendarse la sentencia y concederse la patria potestad a la demandante, poner los niños bajo el cuidado de ella y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.